# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. 3:04cr177 (SRU) |
| ANTHONY SWINT | |

## RULING ON MOTION TO RECONSIDER AND FOR STAY

Anthony Swint pled guilty to possession with intent to distribute five grams or more of cocaine base/crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). On August 25, 2006, I sentenced Swint principally to a term of 132 months' imprisonment. The sentence of imprisonment was a departure from the then-mandatory Sentencing Guidelines range, which I calculated on the basis of the career offender provisions of the Guidelines. U.S.S.G. § 4B1.1(b)(A) (2005).

On November 29, 2010, I ordered Swint's sentence reduced to 105 months pursuant to 18 U.S.C. § 3582(c)(2). Doc. # 84. On December 3, 2010, the government filed a motion to reconsider and to stay that order (doc. # 85). For the reasons that follow, the motion to reconsider and to stay is denied.

**I.     Background**

At sentencing, I adopted, without objection, the factual statements and Sentencing Guidelines calculation as set forth in the PSR. (Tr. Sentencing, Aug. 25, 2004, at 3-5). Swint's guidelines calculation was based on a quantity of crack between 150 and 500 grams. Under the November 1, 2005 Sentencing Guidelines, that quantity resulted in a base offense level of 34. U.S.S.G. § 2D1.1(a)(3) (2005). Swint's Sentencing Guideline offense level, however, was increased to 37 as a result of the operation of the career offender provisions. U.S.S.G. §

4B1.1(3)(A) (2005). After a three-level reduction for acceptance of responsibility, Swint's total offense level was 34, and his criminal history category was VI, resulting in a Sentencing Guideline imprisonment range of 262 to 327 months' imprisonment. (Tr. Sentencing, Aug. 25, 2004, at 5.). I granted the motion for downward departure filed pursuant to U.S.S.G. § 5K1.1 and sentenced Swint to a term of 132 months' imprisonment, followed by 120 months of supervised release. *Id.* at 4, 15-18.

Although I did not say so on the record, I departed to a sentence of 132 months' imprisonment by determining what the Sentencing Guideline range would have been if Swint's Guideline calculation had been determined by the quantity of crack cocaine attributable to him, rather than by his status as a career offender. Swint's base offense level determined by the quantity of crack cocaine was 34 and, with a three-level reduction for acceptance of responsibility, his total offense level would have been 31. Swint remained in criminal history category VI, even without the career offender provision. Thus, his crack cocaine sentencing range was 188 to 235 months' imprisonment. The 132-month sentence originally imposed was based on a percentage of the otherwise applicable sentencing range. I sought a percentage somewhat more than 50 percent of that range, to reflect Swint's significant criminal history. The sentence selected was approximately 56 percent of the top of the crack sentencing range.[1]

A two-level reduction of Swint's offense level for crack cocaine (ignoring the career offender provisions) results in a total offense level of 29 and a sentencing range of 151 to 188 months' imprisonment. The adjusted sentence is, once again, approximately 56 percent of the

---

[1] The government is correct that the order in which I explained the reason for the adjustment gave an inaccurate description. That order is hereby ordered amended to conform to this ruling.

top of the revised crack cocaine sentencing range. Accordingly, the adjusted sentence is proportionately below the crack sentencing range on which the original sentence was based.

## II. Discussion

Although Swint did not move for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of the retroactive amendment of the Sentencing Guidelines that reduced by two levels the offense levels previously assigned to crack cocaine quantities, I determined his eligibility for resentencing. Section 3582(c)(2) provides that a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduced sentence. The Second Circuit has held that a person sentenced under the career offender provision of the Sentencing Guidelines is not eligible for a sentence reduction as a result of the crack cocaine amendments, because the career offender provision remains unaffected by those amendments. *United States v. Martinez*, 572 F.3d 82 (2d Cir. 2009).

The Second Circuit has also held, however, that a defendant "who at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine (cocaine base) guidelines, is eligible for a reduced sentence pursuant to the so-called crack amendments." *United States v. McGee*, 553 F.3d 225, 225-26 (2d Cir. 2009). In that case, it was "apparent that McGee was sentenced 'based on' a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised McGee's ultimate sentence on the crack cocaine guidelines." *Id.* at 227. In *McGee*, the District Judge explicitly stated at sentencing that she was departing from the career offender sentencing range "to the level that the defendant would have been in absent the career offender status calculation and consideration." *Id.* I have now explicitly stated in this ruling that I departed

from the career offender sentencing range to the range that Swint would have been in absent his career offender status.

I do not read *McGee* as holding that a career offender who receives a downward departure and who was actually sentenced based on the applicable crack cocaine offense level is ineligible for a sentence reduction unless the sentencing judge explicitly states *at sentencing* that the extent of the downward departure is based on the crack guidelines. Such a reading would lend itself to "excessive formalism." *Id.* at 228. Accordingly, I conclude that Swint, like McGee, is eligible for a reduction in sentence because he was ultimately sentenced based on the crack cocaine guidelines.

### III.     Conclusion

The Motion to Reconsider and to Stay (**doc. # 85**) is **denied**. To the extent that my order (doc. # 84) reducing Swint's sentence results in his eligibility for immediate release, the order shall not be read to reduce Swint's sentence to a term of incarceration below time served.

It is so ordered.

Dated this 6th day of December 2009 at Bridgeport, Connecticut.

        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge